# UNITED STATES DISTRICT COURT

EASTERN District of ARKANSAS

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |

| | |
|---|---|
| ROY DENSMORE | Case Number: 4:05cr00110-01 JMM |
| | USM Number: 23668-009 |
| | Jerome Kearney |
| | Defendant's Attorney |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 9 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**THE DEFENDANT:**

X admitted guilt to violation of condition(s) Special 16 of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Special 16 | Failure to refrain from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions and use of Internet without approval. | 1/22/2007 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: ***-**-5595 | April 9, 2007 |
| | Date of Imposition of Judgment |
| Defendant's Date of Birth: **/**/1952 | |
| | _signature_ |
| | Signature of Judge |
| Defendant's Residence Address: | |
| Redacted Pursuant to JCUS Policy | James M. Moody |
| | UNITED STATES DISTRICT JUDGE |
| | Name and Title of Judge |
| Redacted Pursuant to JCUS Policy | |
| | June 9, 2007 |
| Defendant's Mailing Address: | Date |

DEFENDANT: ROY DENSMORE
CASE NUMBER: 4:05cr00110-01 JMM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: fifteen (15) months to run consecutive to sentence imposed by the state court in case number CR2007-30-1 (Drew County Circuit Court).

X The court makes the following recommendations to the Bureau of Prisons:
The defendant shall participate in a sexual offender treatment program during incarceration.

☐ The defendant is remanded to the custody of the United States Marshal.
**SEE ATTACHMENT**
☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

UNITED STATES OF AMERICA
4:05cr00110-01 JMM
UNITED STATES OF AMERICA V. ROY DENSMORE

## ATTACHMENT TO JUDGMENT IMPOSED APRIL 9, 2007

Defendant was sentenced to a term of twenty (20) years in state court on March 26, 2007. Because of Defendant's medical condition he was allowed to remain on home detention pending his report date to the Arkansas Department of Correction. Following the hearing held April 9, 2007, in the instant case, it was determined Defendant is to report as directed by the Arkansas Department of Correction to begin service of his state sentence on Wednesday, April 11, 2007.

Defendant was allowed to remain on the state's conditions pending his report date on the state charges. As a part of his conditions in the case he is to report to the Arkansas Department of Correction as directed on April 11, 2007.

The United States Marshal is directed to place a detainer on Defendant. When Defendant is released to the detainer he shall be taken into custody to begin service of his sentence in the instant case.

DEFENDANT: ROY DENSMORE
CASE NUMBER: 4:05cr00110-01 JMM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : two (2) years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ROY DENSMORE
CASE NUMBER: 4:05cr00110-01 JMM

## ADDITIONAL SUPERVISED RELEASE TERMS

14) Defendant shall participate in a mental health program specializing in sexual offender treatment approved by the probation office, and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions.

15) The probation officer will provide state officials with all information required under Arkansas sexual predator and sexual offender notification and registration statues and may direct defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

16) Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

17) Defendant shall not possess, subscribe to, or view, any video, magazines or literature depicting children in the nude and/or in sexually explicit positions.

18) Defendant shall not possess or use a computer with access to any on line service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. Defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.